IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



FILED MAILROOM
AUG 2 4 2021
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

MALCOLM MUHAMMAD, # 1025895

    Plaintiff,

v.

WILLIAM JARRETT, et al.,

    Defendants.

CIVIL ACTION NO. 1:19CV746 (LO/JFA)

## AFFIDAVIT

State of Virginia, County of Buchanan, to-wit:

1. I'm the plaintiff in this action who filed this 42 U.S.C. § 1983 Complaint against the above defendants, who's in custody of the Virginia Department of Corrections - ("VDOC's") and currently housed at Keen Mountain Correctional Center - ("KMCC").

2. The information in this affidavit is based on personal knowledge and Court documents of facts and case laws.

3. Plaintiff brought claims against defendants under 42 U.S.C. § 1983 for relief under the First, Eighth and Fourteenth Amendments as well as the Religious Land Use and Institutionalized Person Act - ("RLUIPA"). The Court gave it memorandum opinion dismissing defendants Jarrett, Holloway, Woodson, Witt, Harvey, Goodwyn and Turner stating "plaintiff has failed to state claims upon which relief may be granted." See (Dkt. No. 74).

4. Plaintiff moves for leave to file an amended Complaint and made objections to the Court's Memorandum opinion and Request for Reconsideration on its opinion. See (Dkt. Nos. 77, 78).

5. On 08/06/21, this court made it's ORDER (DKt. NO. 89) that plaintiff received on 08/16/21, denying plaintiffs' motions (1) for leave to file an amended complaint (DKt. NOS. 76-77) and (2) for the Court to reconsider the order resolving defendants' motion to dismiss. (DKt. NO. 78).

6. Plaintiff makes an "objections" to the court decisions that plaintiff has not convinced the Court that granting either request would be appropriate, so the Court denied the motions. (DKt. NO. 89).

7. Plaintiff has argued as before to "survive a motion to dismiss," your complaint must include enough facts, to state a claim for relief that is plausible on it face. Plaintiff argue the definition of "Plausible means - Seeming true. Also see, Bell Atlantic v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1995 (2007).

8. Plaintiff makes an objection to the Court's decision not to Amend the Complaint because plaintiff has fail to "ATTACH" to the motion a proposed amended complaint. (DKt. NO. 89) pg. 1 of 3). Plaintiff argue that within 21 days of being served with a motion to dismiss, he request to Amend the Complaint. See Rule 15(a)(1), Fed. R. Civ. P. Plaintiff further states, he then request leave (permission) of the Court, because he made request once before. See Rule 15(a)(2), Fed. R. Civ. P. Plaintiff also argue when he seek permission to amend the complaint, it will usually be granted. The rule says "the Court should freely give leave when justice requires. See Rule 15(a)(2), Fed. R. Civ. P., and the Courts have said that means leave to amend should be granted unless there is some good reason like " undue delay, bad faith or dilatory motive on the part of the movant. See Foman v. Davis, 371 U.S. 178, 82-83, 83 - S.Ct. 227 (1962).

9. The court should have granted leave to amend after dismissing to state a claim at initial screening. See Liva v. Herrera, 427 F.3d 1164, 1169-70 (9th Cir. 2005). Plaintiff further argue that as the court has ORDER before, that plaintiff made

2.

request to Amend, the Court "DIRECTED" the plaintiff to FILE, his amended pleadings within thirty (30) days, plaintiff did not file no proposed amended pleading because plaintiff was waiting on the Court's "permission", given plaintiff an ORDER, to file and the amount of time to enter his complaint as the Court did on it ORDER filed on 02/05/20, (DKT.NO.16).

10. Plaintiff makes an objection of the Court's denying Plaintiff's motion to the Court's memorandum opinion and his request for reconsideration of its opinion (DKT. NO. 89). The Court states, "An interlocutory order may be revised in only three (3) circumstances: when there is "(1) a subsequent trial producing substantially different evidence (2) a change in applicable law, or (3) clear error causing manifest injustice." Plaintiff argues that a "clear error causing manifest injustice exist here."

11. Plaintiff argue for instance, that defendant Turner, who this court dismissed from this action, failed to provide a feast meal and other accomodations for the Nation of Islam - ("NOI") doing the Holiday of Savior Day in 2018, thereby violating plaintiff's First, Fourteenth Amendments rights and including RLUIPA rights. Plaintiff further argued that "he had written several complaints to Food Service to defendant turner concerning their failure to provide a "Feast Meal" for the NOI Holiday of Master Fard Muhammad's Birthday (Savior's Day) on February 26, of every year. However, defendant turner respond to plaintiff complaint stating "There was no SPECIAL DATE SET-UP for this Meal." As plaintiff argue before, this statement made by defendant turner, 'CONTRADICTED' by Virginia Department of Corrections - ("VDOC's") RELIGIOUS MASTER CALENDAR, of which was provided as evidence of exhibit #12 (a), in plaintiff's oppsition to Defendants Goodwyn and Turner's motion to Dismiss. See Bell Atlantic v Twombly, 550 U.S. at 576 n.3). This requires a complaint with enough factual matter (taken as true), proof is provided documents of facts.

3.

12. Here, as plaintiff as stated before, "The Court may not resolve DISPUTED FACTS, nor should the Court adopt any version of facts, when opposing parties tell two-(2) different stories, ESPECIALLY, when blatantly contradicted by the record. See Russell v. Microdyne Corp, 65 F. 3d 1229, (4th cir. 1995) and Also see Scott v. Harris, 550 U.S. 372 (2007). Plaintiff provided the document of VDOC Master (Religious) Calendar, in which blatantly contradicts defendant Turner's statements.

13. Plaintiff argue, that in this case, "a prior decision does qualify for the third exception of "clear error causing manifest injustice", plaintiff not arguing as the court states, "by being MAYBE OR PROBABLY WRONG, its wrong, it should strike the court as wrong as the Court's states, with the force of a five-week-old, unrefrigerated dead fish, because the evidence was provided of documented facts and defendant Turner's sworn affidavit is "blatantly contradicted by the record, this make the decision by the court as unrefrigerated dead fish, Stink, which is dead wrong. Id, at 258.

14. Finally, the Plaintiff makes an objection of the Court's ORDER DENIAL Plaintiff's being Consent to a Magistrate Judge. (DKT. NO. 80), See (DKT. NO. 90). The Court states, "Plaintiff recognizes that both parties MUST, consent to have a magistrate judge preside over civil proceedings. See 28 U.S.C. § 636(c)(1). However, the Court further states, "Plaintiff ignores that Defendants have not consented to have a magistrate judge preside in this instance, and nevertheless urges the Court to ASSIGN this case to a magistrate judge. Although the Court encourages Defendants to give consent under § 636, it cannot order Defendants to do so. See (DKT. NO. 90), filed on 08/06/21.

15. Plaintiff argue that, "A district judge may refer matters to a magistrate judge", if THEY DO NOT FINALLY DISPOSE OF A CLAIM OR DEFENSE in the case, WITHOUT the CONSENT OF THE PARTIES". Magistrate judges frequently supervise discovery and decide discovery disputes, deal with scheduling issues and request

4.

for extension of time, and supervise preparation for trial and the development of pretrial orders, plaintiff argue, none of these was supervise by the magistrate judge that was asign to this case. "Dispostive" matters that may not be referred to a magistrate judge for decision include motion for injuctive, to dismiss or for judgment on the pleading, for summary judgment, or for certification of a class. See U.S.C. § 636 (b)(1)(A). Plaintiff argue that, a magistrate judge's Initials as (JFA), is documented on all documents on this case, however, this magistrate judge never proceed in this case. See (Dkt. Sheet). Plaintiff further argue. Nor, is it filed on the above style docket sheet as the Court states, "that the Defendants was encourages by the Court to make an Concent.

16. Plaintiff argue that, on a District Judge's referral, a magistrate may conduct hearing and propose finding of fact and recommendations on dispostive matters, application for post-conviction relief, and "prisoner petitions challenging conditions of Confinement." See 28 U.S.C. § 636 (b)(1); accord, Rule 72(a), Fed. R. Civ. P. The magistrate judge issues finding and a recommendation, not a decision, and if a party as (plaintiff) objects to any part of the finding or recommendations, the parties have 14 days to serve and file written objections. See 28 U.S.C. § 636 (b)(1)(c); accord, Rule 72 (b), Fed. R. Civ. P., as plaintiff has done in this Motion, he specifically and identify the finding above that he objected to. See Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985), also See Rule 72 (b)(2), Fed. R. Civ. P., refers to "specific written objections." See Johnson v. Zema Sys. Corp. 170 F. 3d 734, 741 (7th Cir. 1999).

17. Finally, Plaintiff argue that he's under the "THREE STRIKES" Provision, he has to pay the entire filing fee upfront or his case would have been dismissed. See Jones v. Federal Bureau of Prisons, 2008 WL 2512919, *1-2 (E.D. Tex., June 19, 2008). He made Consent when he was notified by the Court at the beginning of the case. See 28 U.S.C. § 636 (c)(2); accord, Rule 73 (b), Fed. R. Civ. P., as stated above there's no document that the other parties was notified. The magistrate judge (JFA), could have exercise it power on decision of Nondispositive matters, WITHOUT, the Consent of the parties.

5.

Respectfully submitted,

Malcolm Muhammad #1025895
Keen Mountain Correctional Center
P.O. Box 860
Oakwood, Virginia 24631

Pro se

## CERTIFICATE OF SERVICE

I hereby certify that I have mail documents by the United States Postal Service on the 17 day of August, 2021, to; Timothy E. Davis, Office of the Attorney General, 202 North 9th Street, Richmond, Virginia 23219.

> TONY H. CORDLE
> NOTARY PUBLIC
> Commonwealth of Virginia
> Registration No. 351445
> My Commission Expires July 31, 2025

Malcolm Muhammad #1025895

COMMONWEALTH OF VIRGINIA

County of Buchanan

Sworn and Subscribed before me on, the 17 day of August, 2021.

Tony H. Cordle

my commission expires 7-31-25.

The above Notary Public is not party to this action  MKM
Offender Initials

6.